## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**JOSE ABEL RAMOS-CRUZ**                                      **PETITIONER**

**v.**                                      **CIVIL ACTION NO. 3:25-cv-817-KHJ-MTP**

**WARDEN CHILDRESS**                                      **RESPONDENT**

### <u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before that Court on Jose Abel Ramos-Cruz's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice for Ramos-Cruz's failure to exhaust administrative remedies prior to filing the Petition.

### BACKGROUND

On May 20, 2013, Ramos-Cruz was sentenced in the United States District Court for the District of Puerto Rico to a 360-month term of imprisonment for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. *See* [8-2] at 2. On October 24, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi, Ramos-Cruz filed the instant Petition [1] under 28 U.S.C. § 2241 seeking additional time credit under the First Step Act ("FSA")[1] "for the time endured on lockdown during Global COVID-19 Pandemic from January 2020 to June 2023 . . . ." *See* [1] at 1.

On February 23, 2026, Respondent filed a Response [8] arguing, *inter alia*, that the Petition should be dismissed because Ramos-Cruz failed to exhaust his administrative remedies prior to filing this action. Ramos-Cruz filed a Reply [10] on March 9, 2026.

---

[1] *See* 18 U.S.C. § 3632. The FSA provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions to their sentences.

1

**ANALYSIS**

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the Bureau of Prisons ("BOP"). *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15; [8-1] at 3.

Respondent asserts that, although Ramos-Cruz filed requests for administrative remedies concerning other issues, he failed to file any requests concerning FSA time credit. *See* [8] at 4. Ramos-Cruz does not contest this. Instead, he argues that exhaustion of administrative remedies was neither required nor appropriate. Specifically, he argues that the Prison Litigation Reform Act ("PLRA") and its exhaustion requirement are not applicable to § 2241 habeas proceedings. *See* [1] at 3. Ramos-Cruz also argues that exhaustion should not be required because (1) "the challenge involves statutory interpretations rather than factual disputes;" (2) "the agency has adopted a predetermined position;" and (3) "the relief sought requires immediate action to prevent Constitutional injury." *Id*. at 4.

The undersigned will address these arguments in order, beginning with the PLRA. Ramos-Cruz is correct that the exhaustion requirement for § 2241 habeas proceedings is not imposed by this Act. *See Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998). Instead, it is judicially created, and in the Fifth Circuit, a petitioner must, absent extraordinary circumstances, exhaust his administrative remedies prior to filing a § 2241 habeas petition. *See Rourke*, 11 F.3d at 49; *Fuller*, 11 F.3d at 62.

Turning to his argument that exhaustion is unnecessary because this action concerns only questions of statutory interpretation, Ramos-Cruz has failed to demonstrate that the issues in this action are purely legal questions of statutory interpretation. Moreover, even if this action only concerned statutory interpretation, Ramos-Cruz has not shown that exhaustion would be a patently futile course of action. *See Fuller*, 11 F.3d at 62.

In *Gallegos-Hernandez v. U.S.*, the United States Court of Appeals for the Fifth Circuit held that a prisoner challenging the constitutionality of a BOP regulation, which excluded aliens from participation in rehabilitation programs, was not required to exhaust administrative

3

remedies before filing his habeas petition. 688 F.3d 190, 194 (5th Cir. 2012).  The court explained "it would have been futile for him to make an administrative challenge seeking this relief from those who are charged to enforce the regulation." *Id*.

An inmate, however, must still exhaust a claim that the BOP "erred in its application of" statutes and regulations. *Id*.  Such is the case here.  "Unlike the petitioner in *Gallegos-Hernandez* . . ., [Ramos-Cruz] is not arguing in this case that the BOP's regulations or governing statutes are unconstitutional." *Aldaco v. Nash*, 2016 WL 407322, at *3 n.2 (W.D. Tex. Feb. 2, 2016).  Instead, he is challenging the BOP's application of statutes and regulations.[2]  Thus, it is appropriate for the BOP to determine through the administrative process whether Ramos-Cruz is entitled to additional credits.

Next, Ramos-Cruz argues that the BOP's predetermined position renders exhaustion futile.  Ramos-Cruz bears the burden of demonstrating the futility of administrative review, and "the fact that a petitioner believes his grievances will be denied does not make the remedy futile." *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion").  "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

Finally, Ramos-Cruz argues that he should not be required to exhaust because immediate action is necessary to prevent harm.  He asserts that the "administrative remedy process requires

---

[2] Ramos-Cruz specifically asserts that the BOP has taken a position "contrary to clear statutory mandates . . . ." *See* [1] at 5.

90 to 120 days to complete, which would only delay" relief. *See* [1] at 4.  But, the fact that a petitioner may be facing immediate harm does not excuse a petitioner from completing the administrative remedies process, even if it takes time to do so.  The Supreme Court has held that even inmates who may be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973).  The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*., *see also Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. Sept. 17, 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Falcon v. Upton*, 2014 WL 712547, at *2 (N.D. Tex. Feb. 23, 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house); *Mitchell v. Young*, 2011 WL 3879513, at *2 (W.D. La. June 22, 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone.").

Because Ramos-Cruz has not demonstrated extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petition should be dismissed without prejudice.

**CONCLUSION AND RECOMMENDATION**

The record shows that Ramos-Cruz did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement.  Thus, the undersigned recommends that the Petition [1] for Writ of Habeas Corpus be DISMISSED without prejudice.

5

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 18th day of May, 2026.

s/ Michael T. Parker
United States Magistrate Judge

6